UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv181
(3:04cr250)

| | |
|---|---|
| RAYMOND SURRATT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on initial consideration of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1). Also included in the Motion to Vacate are Motions for the Appointment of Counsel and for Discovery.[1] For the reasons stated herein, Petitioner's Motion to Vacate will be denied and dismissed and the other motions will be denied as moot.

I.      PROCEDURAL HISTORY

On October 18, 2004, Petitioner was indicted for conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841 and 846 (Count One) and three counts of possession with intent to distribute at least five grams but less than 50 grams of cocaine base in violation of 21 U.S.C. § 841 (Counts Forty, Forty-One and Forty-Two ). (Case No. 3:04cr250, Doc. No. 104). On January 21, 2005, the Government filed an information detailing Petitioner's three prior felony drug convictions, pursuant to 21 U.S.C. § 851. (Id., Doc. No. 192).

---

[1] Petitioner also included a claim for a sentence reduction based on retroactive amendments to the United States Sentencing Guidelines. (docketed as Case No. 3:04cr250, Doc. No. 565: Motion to Reduce Sentence). That issue will be addressed by separate order in the criminal case.

On February 4, 2005, Petitioner filed a Plea Agreement in which he agreed to plead guilty to one count of conspiracy to possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. (Id., Doc. No. 201). During a Plea and Rule 11 Hearing, a magistrate judge questioned Petitioner at length to ensure that his guilty plea was being intelligently and voluntarily tendered. The magistrate judge informed Petitioner that he would receive a mandatory life sentence as a result of his plea, and Petitioner acknowledged under oath that he understood the consequences of his plea. (Id., Doc. No. 485: Plea Hr'g Tr. at 4, 7). Petitioner admitted he was guilty of the conspiracy charge as alleged in the indictment. (Id. at 6). The Government summarized the essential terms of the Plea Agreement, including its cooperation provision, and the Court confirmed that Petitioner understood the Plea Agreement's appeal and collateral review waivers. (Id. at 7-8, 11). The Government agreed to allow Petitioner to be released from custody so he could be given the opportunity to cooperate, and thereby avoid a life sentence. The Court made clear to Petitioner that this was his only opportunity to receive a sentence for less than life in prison. (Id. at 14-17).

Petitioner affirmed that he understood the terms of the Plea Agreement and that he had enough time to discuss the agreement with his attorney. (Id. at 11-12). Petitioner denied being threatened or forced to sign the agreement, and indicated that no one made promises of leniency to him and that he was satisfied with the services of his attorney. (Id. at 12). The magistrate judge found that Petitioner's plea was knowingly and freely made and accepted his plea. (Id. at 14).

After extensive discussions regarding Petitioner's failed cooperation efforts during the Sentencing Hearing and three hearings on bond revocation (Case. No. 3:04cr250: Doc. Nos. 427, 428, 453), the Court imposed life imprisonment in compliance with the statutory mandatory

2

minimum. (Id., Doc. No. 485: Sent. Hr'g Tr. at 9). Petitioner filed a timely Notice of Appeal. (Id., Doc. No. 327). Counsel for Petitioner filed an Anders[2] brief stating that there were no meritorious grounds for appeal, but questioned whether the sentence imposed was reasonable. Petitioner filed a pro se supplemental brief arguing that his plea was not voluntary and his attorney was ineffective.

After reviewing the entire record for meritorious issues, the Fourth Circuit affirmed the sentence on January 29, 2007. (Id., Doc. No. 531: Opinion). The panel concluded that Petitioner's plea was knowing and voluntary, that there was no error in this Court's acceptance of the guilty plea, that the life sentence imposed upon Petitioner was reasonable, and that there were no other meritorious issues for appeal. (Id. at 3-4). The instant timely Motion to Vacate followed.

II.  LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief. If the petitioner is not entitled to relief, the motion must be dismissed. Following such directive, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

A.  Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S.

---

[2] Anders v. California, 386 U.S. 738 (1967).

3

668, 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). As movant, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

To prove Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). If challenging the validity of his guilty plea, a petitioner must show that but for counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). If challenging his sentence, a petitioner must show, at a minimum, a "reasonable probability that his sentence would have been more lenient" but for counsel's errors. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (internal quotations omitted). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

In evaluating post-guilty plea claims of ineffective assistance, a petitioner's statements under oath affirming satisfaction with counsel are deemed binding in the absence of "clear and convincing evidence to the contrary." Fields, 956 F.2d at 1299 (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)). Moreover, statements made during Rule 11 proceedings constitute strong evidence that the plea was voluntary. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

4

1. Cooperation Process

Petitioner alleges that his counsel was ineffective for failing to "assist, explain, coordinate and facilitate cooperation with the government." (Doc. No. 1: Motion at ¶ 52). A review of the record reveals that Petitioner was released on February 4, 2005, in order to cooperate with authorities. (Case No. 3:04cr250, Doc. No. 485 at 14). However, from February 2005 through early October 2005, there was no successful cooperation. (Id., Doc. No. 453 at 30). This Court held three hearings prior to the Sentencing Hearing regarding Petitioner's violations during his release. During that time, Petitioner's counsel was a zealous advocate, as the Court mentioned on more than one occasion. (Id., Doc. No. 453-1 at 55; Doc. No. 485 at 6). However, as the record reflects, Petitioner simply was not able to provide substantial assistance to the Government.

Indeed, this Court stated that "there is a complete failure – the cooperation has not materialized, and not pointing fingers in either direction, it just hasn't worked, and that was the sole reason for the release, to see if the defendant could earn substantial assistance; and that hasn't happened since early February." (Id., Doc. No. 453-1 at 53). Petitioner's counsel conceded that Petitioner was unable to provide substantial assistance and explained how all parties were aware that Petitioner had burned bridges in Shelby, and because of that, he did not have much of an opportunity to provide substantial assistance to the Government. (Id. at 52).

The record simply does not reflect that counsel was ineffective in any regard with respect to Petitioner's cooperation efforts. In his motion, Petitioner only offers conclusory statements about what counsel failed to do and does not establish an objective standard against which to measure counsel's performance. Accordingly, it plainly appears that Petitioner is not entitled to relief on this claim.

2. Plea Process

Petitioner alleges that his counsel was ineffective during the plea process because counsel did not fully inform him of all the facts relevant to the decision of whether to plead or go to trial. (Doc. No. 1: Motion at ¶ 59). Indeed, Petitioner contends that counsel misadvised him that the Plea Agreement allowed Petitioner a good chance to cooperate and obtain a downward departure under USSG §5K1.1. (Id. at ¶¶ 60,61). Petitioner contends that "[t]he affirmative misadvice that was given to [him] coupled with counsel's failures to advise [him] of critically important facts and law relevant to the plea process completely distorted [his] perception of the 'risk factors' involved in pleading and going to trial." (Id. at ¶ 68).

These arguments attempt to hold counsel responsible the Government's refusal to make a §5K1.1 motion where Petitioner has not shown that any of his attempted assistance was substantial. He contends that the Plea Agreement that he entered into, under the advice of his counsel, was of no benefit to him, but it offered the hope of receiving a sentence less than life imprisonment. Petitioner has not shown that a reasonable person in his position would have gone to trial instead of entering a plea agreement and he has not shown that the Government was willing to offer a better deal. Even if counsel misinformed Petitioner about the plea agreement or failed to predict the outcome of attempted cooperation, the properly conducted plea hearing erased any prejudice. United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). Thus, it plainly appears that Petitioner is not entitled to relief on this claim.

3. Suppression of Evidence

Petitioner contends that counsel was ineffective for failing to move for suppression of evidence and for a dismissal of the Indictment. (Doc. No. 1: Motion at ¶ 78). Petitioner does not specify what evidence should have been suppressed, nor does he explain on what basis counsel

6

should have moved to dismiss the Indictment. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (stating that "a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing"). Petitioner cannot satisfy either prong of the Strickland test with these conclusory allegations. Therefore, he is not entitled to relief on this claim.

4. Sentencing

Petitioner contends that his counsel was ineffective in "fail[ing] to investigate or present available evidence and legal authority material to [his] sentencing." (Doc. No. 1: Motion at ¶ 78). Petitioner was facing a mandatory life sentence for his conviction. He does not articulate what information his counsel should have learned during an investigation that would have changed the outcome of his sentencing hearing. Thus, he has not shown that but-for counsel's errors that his sentence would have been different, Royal, 188 F.3d at 248-49, and it plainly appears that this claim is without merit.

5. Appeal

Petitioner contends that his counsel was ineffective for failing to present the strongest issues on direct appeal. (Doc. No. 1: Motion at ¶ 80). However, Petitioner does not articulate what he believes his strongest claims to be. The Court notes that Petitioner's Plea Agreement contained a waiver of his right to appeal except for very limited circumstances. Petitioner's counsel did file an appeal on his behalf and filed an Anders brief with the Fourth Circuit Court of Appeals. An Anders brief is appropriate when an attorney does not believe there are any appealable issues, and it allows the Court to review the entire record in order to determine if there are any meritorious issues for appeal. Anders, 386 U.S. at 746.

Further, Petitioner was able to supplement the record with his own brief in which he raised additional claims for the Fourth Circuit's review. Because Petitioner's counsel filed an Anders brief allowing the Court to review the entire record, and Petitioner was allowed to supplement with a pro se brief that included additional issues for review, he cannot show any prejudice resulting from counsel's performance. Accordingly, it plainly appears that he is not entitled to relief on this claim.

      6.      Conflict of Interest

Petitioner contends that his "counsel labored under an actual conflict of interest which adversely affected their performance during the plea and cooperation process in this case" and this conflict "adversely affected the performance of counsel during the plea and cooperation process." (Doc. No. 1 at ¶ 82). An actual conflict of interest that adversely affects counsel's representation violates a defendant's Sixth Amendment rights. United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991) (citing Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980)). "More than a mere possibility of a conflict, however, must be shown. The Sixth Amendment is implicated only when the representation of counsel is adversely affected by an actual conflict of interest." Id. (emphasis in original). Here, Petitioner has not specified what the conflict counsel labored under or how Petitioner was prejudiced by this alleged conflict. Thus, it plainly appears he is not entitled to relief on this claim.

      III.      CONCLUSION

The Court's initial review of Petitioner's Motion to Vacate and the relevant record evidence plainly shows that Petitioner is not entitled to relief.

**IT IS, THEREFORE, ORDERED** that

      1.      Petitioner's Motion to Vacate (Doc. No. 1) is **DENIED and DISMISSED** ;

2. Petitioner's Motion for the Appointment of Counsel and Motion for Discovery are **DENIED** as moot; and

3. pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Signed: February 24, 2011

Robert J. Conrad, Jr.
Chief United States District Judge